IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


JONATHAN H. MILLARD,

                    Plaintiff,

          v.                          CASE NO.  09-3030-SAC

KIP JOHNSON,
et al.,

                    Defendants.

O R D E R

       This action was filed as a civil rights complaint pursuant to
42 U.S.C. § 1983 by an inmate of the Lansing Correctional Facility,
Lansing, Kansas.  Plaintiff names as defendants Kip Johnson, who was
apparently  his  court  appointed  attorney  in  state  criminal
proceedings,  and  Chief  Judge  William  Elliott,  his  "sentencing
judge."  Having examined the materials filed by plaintiff, the court
finds as follows.


**FACTUAL BACKGROUND**

       As  the  factual  background  for  his  complaint,  Mr.  Millard
alleges that on March 6, 2008, law enforcement officers came to his
home with a search warrant, searched and collected evidence, and
then arrested him and took him to jail.  He was charged with 4
counts of computer fraud, 3 counts of theft, 1 count of forgery and
1 count of attempted possession of a firearm.


**CLAIMS**

       As Count 1, plaintiff claims that defendants violated his

Fourteenth Amendment right to due process.  As factual support for this claim, he alleges that officers of the Graham County Sheriff's Department and the Police Department interrogated him without reading his Miranda rights.   As Count 2, plaintiff claims ineffective assistance of counsel in violation of his rights under the Fifth Amendment.  In support, he alleges that "Defense Attorney Kip Johnson used the Miranda violation to negotiate a plea bargain." As Count 3, he claims his right to a jury under the Sixth Amendment was violated.  In support, he alleges that the "trial court" used his prior convictions against him "without having it be put before a jury."  As Count 4, he claims his Seventh Amendment right to "trial by jury in civil cases" was violated.  In support, he alleges that defendant Judge Elliot dismissed (his) 60-1507 without allowing (him) to have a trial." As Count 5, he claims excessive bail under the Eighth Amendment.  In support, he alleges "the court" set his bail "at $50,000 cash only" when he was simply in custody on suspicion of theft.  He seeks a "tax exempt" award of ten million dollars.

## APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES

Plaintiff has filed An Application to Proceed Without Prepayment of Fees (Doc. 2), and has attached an Inmate Account Statement in support as statutorily mandated.  Section 1915(b)(1) of 28 U.S.C., requires the court to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action. Plaintiff's account statement indicates he was confined on June 17,

2008, so only five months data is available.  Having examined the available records of plaintiff's account, the court finds the average monthly deposit to plaintiff's account has been $57.48 and the average monthly balance has been $37.81.  The court therefore assesses an initial partial filing fee of $11.00, twenty percent of the average monthly deposit, rounded to the lower half dollar[1].  Plaintiff must pay this initial partial filing fee before this action may proceed further, and will be given time to submit the fee to the court.  His failure to submit the initial fee in the time allotted may result in dismissal of this action without further notice.

<u>SCREENING</u>

Because Mr. Millard is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief.  28 U.S.C. § 1915A(a) and (b).  Having screened all materials filed, the court finds the complaint is subject to being dismissed for the following reasons.

<u>SENTENCING JUDGE ABSOLUTELY IMMUNE</u>

Plaintiff states no claim under 42 U.S.C. § 1983 for money damages against defendant Judge Elliott.  Judges are absolutely

---

[1]    Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff will remain obligated to pay the remainder of the full $350.00 district court filing fee in this civil action.  Being granted leave to proceed in forma pauperis entitles him to pay the filing fee over time through payments deducted automatically from his inmate trust fund account as authorized by 28 U.S.C. §1915(b)(2).

immune from money damages for claims based upon actions taken within their official capacities.  Thus, plaintiff cannot recover money damages from defendant Judge Elliott on his claims that bail was set too high in his criminal case, his criminal history was improperly considered during sentencing, or that he was not provided a trial on his 60-1507 motion.

## FAILURE TO ALLEGE PERSONAL PARTICIPATION

Plaintiff states no claim against defendant Judge Elliott in his other counts for the reason that he does not allege any facts showing defendant Elliott personally participated in either his interrogation or in wrongful acts involving his criminal defense or plea negotiations.  An individual cannot be held liable for money damages unless he or she is shown to have personally participated in the allegedly unconstitutional acts.

Moreover, plaintiff states no claim for money damages against defendant attorney Kip Johnson in Counts 1, 3, 4, and 5, because he does not allege any facts showing that Mr. Johnson personally participated in the acts complained of in those counts.

## CLAIMS THAT IMPUGN CRIMINAL CONVICTIONS PREMATURE

Plaintiff's claims against defendant Johnson based on his alleged ineffective assistance of counsel during plea negotiations are also subject to dismissal at this time.  Plaintiff may not sue for money damages based on claims that call into question the validity of his state criminal convictions, unless and until those convictions have been challenged and overturned using appropriate procedures in the proper forum.  As the United States Supreme Court

4

has ruled, the district court, when faced with such claims, "must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Heck v. Humphrey, 512 U.S. 477, 487 (1994)(damages); Edwards v. Balisok, 520 U.S. 641, 648 (1997); see also Beck v. Muskogee Police Dep't, 195 F.3d 553, 557 (10th Cir. 1999). The court finds that plaintiff's claims against his defense attorney necessarily imply the invalidity of his state convictions, and plaintiff makes no showing that his convictions have been overturned.

Plaintiff's claims in Counts 1 and 3 also involve challenges to his state criminal convictions, which if proven, would impugn their validity. Thus, these claims are likewise premature under Heck. Plaintiff must successfully litigate these claims in habeas corpus proceedings, before he may sue participants for money damages.

**EXHAUSTION OF STATE COURT REMEDIES**

Habeas corpus relief is a remedy available in federal court, and Mr. Millard might seek to amend his pleading to a petition for writ of habeas corpus, 28 U.S.C. § 2254, instead of a civil rights complaint, if he were challenging his state convictions rather than seeking money damages. However, this action still would likely be dismissed for lack of exhaustion. Mr. Millard may not proceed on challenges to his state convictions in a federal habeas corpus petition, unless he has already exhausted all the remedies available

within the state courts.

Full exhaustion of state court remedies requires that Mr. Millard have raised all challenges to his state criminal convictions on direct appeal to the Kansas Court of Appeals and then to the Kansas Supreme Court, if necessary.  Any claims not raised on direct criminal appeal must be raised in a post-conviction motion in the trial court, such as one under K.S.A. § 60-1507[2], and any denial of that motion must be appealed to both Kansas appellate courts.  Until plaintiff's claims regarding his convictions are fully exhausted in the courts of the State, he may not have them considered in a federal habeas corpus action.


**FAILURE TO STATE CLAIM**

Finally, the court finds that plaintiff is not entitled to recover money damages from either defendant based upon his bald claim that bail was set too high in his state criminal proceedings.


**SUMMARY**

In short, plaintiff must submit the initial partial filing fee assessed herein by the court within the time allotted or this action may be dismissed.  He must also file a Response to this Order showing cause why his claims should not be dismissed as premature under Heck and for the other reasons stated herein within the allotted time, or this action will be dismissed.  Dismissal for failure to timely pay the partial fee or to show cause will be

---

[2]     Mr. Millard alleges that he has filed a 60-1507 motion.  Any complaint he has about the handling of that motion must have been presented in an appeal of the denial of his motion to the Kansas appellate courts.

without prejudice and may be without further notice.

**IT IS THEREFORE ORDERED** that plaintiff is granted thirty (30) days in which to submit to the court an initial partial filing fee of $ 11.00.  Any objection to this order must be filed on or before the date payment is due.  The failure to pay the fees as required herein may result in dismissal of this action without prejudice.

**IT IS FURTHER ORDERED** that in the same thirty-day period plaintiff is required to show cause why this action should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

Dated this 3rd day of March, 2009, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
U. S. Senior District Judge